Richardson, Ch. J.,
delivered the opinion of the court:
Three questions of law are presented by the claimant’s attorney upon the facts proved and found by the conrt. •
First. He insists that the claimant is entitled to be paid by the United States the fees for shipping and discharging crews under the provisions of the second section of the Act of 1886, June 19, ch. 421 (24 Stat. L., 80), which are as follows:
“Sec. 2. That shipping commissioners may ship and discharge crews for any vessel engaged in the coastwise trade, or the trade between the United States and the Dominion of Canada, *384 or Newfoundland, or the West Indies, or the Republic ofMexico, at the request of the master or owner of such vessel, the shipping and discharging fees in such cases to be one-half that prescribed by section forty-six hundred and twelve of the Revised Statutes, for the purpose of determining the compensation of shipping commissioners.”
Before the passage of the Act of 1884 (June 26, ch. 121, substitute for Rev. Stat., § 4501, 23 Stat. L., 59), shipping commissioners collected and retained for their own services and expenses all fees prescribed by the statutes then in force up to $5,000 a year, and were required to pay into the Treasury all above that sum. (Rev. Stat., §§ 4592, 4593, 4594, and schedule C, at end of § 4612, p. 896, 2d ed.; Act of 1874, June 9, ch. 260, 18 Stat. L., 64.)
By that act of 1884, in section 27, Congress provided:
“Shipping commissioners shall monthly render a full, exact, and itemized account of their receipts and expenditures to the Secretary of the Treasury, who shall determine their compensation, and shall from time to time determine the number and compensation of the clerlts appointed by such commissioner, with the approval of the Secretary of the Treasury, subject to the limitations now fixed by law.
“All fees of shipping commissioners shall be paid into the Treasury of the United States, and shall constitute a fund which shall be used under the direction of the Secretary of the Treasury to pay the compensation of said commissioners and their clerics, and such other expenses as he may find necessary to insure the proper administration of their duties.”
Thus the law stood at the time of the passage of the Act of 1886, June 19, ch. 421, § 1 (24 Stat. L., 79, 80), which provided as follows:
“ Sec. 1. That on and after July first, eighteen hundred and eighty-six, no fees shall be charged or collected by collectors or other officers of customs, or by inspectors of steam vessels or shipping commissioners for the following services to vessels of the United States, to wit: * * * shipping or discharging seamen, as provided by title fifty-three of the Revised Statutes and section two of this act. * * * Collectors or other officers of customs, inspectors of steam vessels, and shipping com-sioners who are paid wholly or partly by fees, shall make a detailed report of such services, and the fees provided by law to the Secretary of the Treasury under such regulations as that officer may prescribe; and the Secretary of the Treasury shall allow and pay, from any money in the Treasury not other wise appropriated, said officers such compensation for said services as each would have received prior to the passage of this act;
*385 “Also sncb compensation to clerks of shipping commisioners as would hare been paid them had this act not passed:
“Provided, That such services have, in the opinion of the Secretary of the Treasury, been necessarily rendered.”
It will be seen that by the act of 1884 commissioners were required to pay all fees into the Treasury, where they were to constitute a fund out of which the commissioners were to be paid their compensation, their expenses for clerks, and other expenses, and they were required to make a detailed report of their receipts and expenditures.
The fees no longer belonged to the commissioners, nor did they furnish the measure of compensation for themselves and their clerks; that was for the Secretary alone to determine.
The act of 1886 abolished the collection of fees altogether. The method of fixing the compensation was not changed, but was reenacted by the words “ such compensation for services as each would have received prior to the passage of this act” (that is, under the act of 1884).
The amount allowed for compensation, clerk hire, and expenses was to be paid, not from a fund created by the fees collected, for none were to be collected, but “ from any money in the Treasury not otherwise appropriated.”
A detailed report of services performed and the fees provided by law, which but for that act would have been collected, was still required, apparently for the sole purpose of furnishing to the Secretary some data of the business done by each commissioner, in order intelligently to determine the amount to be allowed for compensation, clerk hire, and expenses.
It does not appear to have been the purpose of Congress to return to the practice, in whole or in part, of compensating commissioners for their services by fees. Section 1 of the act of 1886 expressly provides that no fees shall be collected as provided, not only by the Revised Statutes, but also by section two of that act, upon which section the claimant’s case is founded.
What, then, is the effect of that section ? Its purpose is expressly declared in the section itself. The fees allowed by the Revised Statutes for the services mentioned are reduced one-half, “/or the purpose of determining the compensation of shipping commissioners.” How was that to be determined ? By section 1 of the act the compensation was to be the same as it would have been prior to the passage of the act itself; and the law in *386 force prior thereto — that is, the law of 1884 — was that the Secretary of the Treasury should “ determine their compensation.”
Thus we see to what the words of section 2 of the act of 1886 “for the purpose of determining the compensation of shipping commissioners ” apply. They refer to the determining of the compensation by the Secretary of the Treasury, and can refer to nothing else.
The only effect of that section is to authorize shipping commissioners to ship and discharge crews of certain vessels and to reduce by one-half the nominal fees prescribed therefor by Bevised Statutes, fees which, since the act of 1884, the commissioners have not been allowed to retain for their own use, and since the act of 1886 have not been allowed to collect.
In our opinion the claimant has no cause of action for the fees prescribed by that section.
Second. The claimant contends that the determination of his salary by the Secretary of the Treasury at $100 a month was unreasonable, and should be set aside for that cause.
A regulation by the head of a Department may be held invalid by the courts as unreasonable (Campbell v. United States, 107 U. S. R., 410). But we are not aware that the exercise of a specific power conferred by law upon a public officer tó detertermine the compensation of his subordinates can be held invalid as unreasonable.
The exercise of his judgment and discretion is conclusive, and can not be reviewed, revised, or inquired into by the courts.
Third. The claimant further contends that he is entitled to recover the amount paid by him for the services of a clerk over and above the compensation for his own services.
The Secretary of the Treasury, by his letter of November 29', 1889, set out in finding ii, determined the claimant’s compensation not to exceed $100 a month. This letter related only to compensation for services, and did not apply to clerk hire and expenses, between which both acts of 1884 and 1886 make a distinction.
In each of the three months covered by the case the claimant made his report in detail, specifying the amount of fees prescribed by law (indicating the amount of business done) and the salary paid to a clerk at $25 a month. On each of these returns the Secretary indorsed, “the services enumerated within appear to have been necessarily rendered.”
*387 We interpret this indorsement as approving tbe services of the clerk, as well as his own. It would be unreasonable to hold- that the Secretary intended to pay the commissioner only $100 a month when he had to pay one-quarter of that amount to a clerk, and we think he did not so intend.
These views render it unnecessary to consider many other questions argued at the trial.
Judgment will be entered in favor of the claimant for $75 for amount paid for services of a clerk for three months.